HOUSTON, EAST & WEST TEXAS RAILWAY COMPANY v. EASTERN TEXAS RAILWAY COMPANY.

Decided November 13, 1909.

1.—Railroads—Connecting Carriers—Liability—Statute Construed.

In the absence of pleading and proof that a shipment of livestock was received by a common carrier from a connecting carrier under a through bill of lading, the second carrier would not be liable for damages which occurred while the stock was in the possession of the first carrier. In such case article 331a, Rev. Stats. does not apply.

**2.—Same—Recovery Over.**

Where a connecting or second carrier ·was not liable to the plaintiff for damages to a shipment of livestock, it would not be entitled to recover over against the first carrier a sum wrongfully recovered against it by the plaintiff; and this although the damage to the stock in fact occurred on the road of the first carrier.

**3.—Justice Court—Written Pleadings.**

Parties are not required to file written pleadings in a Justice Court, but having done so they are bound by the allegations as in a court of record.

**4.—Same.**

Pleadings in a Justice Court are not required to be as definite and specific as in courts in which written pleadings are required, but even in a Justice Court a pleading which asks a specific and definite relief without any prayer for general relief will not support a judgment granting entirely different relief from that asked for.

**5.—Same—Recovery Over—Void Judgment—Injunction.**

In a suit originating in a Justice Court against two connecting carriers for damages to a shipment of cattle, the second carrier answered that the entire damage occurred on the road of the first carrier, and prayed that no judgment be rendered against the second carrier but that judgment for damages sustained by the plaintiff be rendered against the first carrier; judgment was rendered in favor of plaintiff against the second carrier for damages to the cattle, and in favor of the second carrier over against the first carrier for the same amount. Held, because there was no pleading to support the judgment over against the first carrier the judgment against it was void, and injunction would lie to restrain execution thereon.

Appeal from the District Court of Houston County. Tried below before Hon. W. H. Gardner.

*Jno. T. Garrison,* for appellant.

*Mantooth & Collins,* for appellee.

PLEASANTS, Chief Justice.—This appeal is from an order of the judge of the District Court for the Third Judicial District, made in chambers, refusing to grant an injunction in a suit brought by the appellant against the appellee to restrain the execution of judgment of the County Court of Houston County.

The facts shown by the record are as follows: On the 29th of April, 1908, H. F. Barclay brought suit in the Justice Court for precinct No. 3 of Houston County, against appellee, for the sum of $60. The claim filed with the justice is itemized as follows:

"To 2 milk cows killed, valued....................$35 00
To 1 calf killed, valued .......................... 5 00
To 3 milk cows damaged ........................ 20 00

$60 00"

This claim was filed and docketed as cause No. 176 on the docket of the Justice Court, and citation thereon was duly issued and served upon appellee on April 29, 1908. Thereafter, on May 20, 1908, appellee filed the following pleading in said suit:

"Suit in Justice Court of precinct number ——, Houston County, Texas.

"H. F. Barclay v. Eastern Texas Railroad Co.

"To the Hon. A. J. McLemore, judge of said court:

"Now comes the Eastern Texas Railroad Company, and for answer to the plaintiff's cause of action denies all and singular the charges, statements and averments contained in plaintiff's petition or cause of action as filed against this defendant, and requires strict proof thereof.

"Defendant, Eastern Texas Railroad Company, further answering, comes and shows to the court that the defendant is sued for damages to a shipment of certain cattle claimed to have been caused by the Eastern Texas Railroad Company; that said cattle were shipped from ·Chester, Tyler ·County, Texas, via Corrigan, Polk County, Texas, at which point the shipment was received by the Houston, East & West Texas Railroad Company, and was then and there shipped from Corrigan to the town of Lufkin in Angelina County, and there delivered to the defendant Eastern Texas Railroad Company at Lufkin, from the Houston, East & West Texas Railroad Company; the damages to the cattle as claimed by the plaintiff herein had already accrued to said cattle, and that two head of said cattle were dead in the cars of the Houston, East & West Texas Railroad Company, and three head of the cattle were down in the cars of the Houston, East & West Texas Railroad Company at the time they were delivered to the Eastern Texas Railroad Company, and that at the time of this delivery the Eastern Texas Railroad Company's agent at Lufkin notified the Houston, East & West Texas Railroad Company that said cattle were in a damaged condition, in that two head of said cattle were then dead and three head of them were down and being trampled upon by the other cattle, while they were in the cars of the Houston, East & West Texas Railroad Company and before the said cattle were delivered from the Houston, East & West Texas Railroad Company to the Eastern Texas Railroad Company. That whatever damages or liability there is existing to said cattle at any time from the time they were received at Corrigan by the Houston, East & West Texas Railroad Company to the time they were delivered to the defendant in this case to be transported to Kennard, was caused by the Houston, East & West Texas Railroad Company and not by the Eastern Texas Railroad Company.

"Defendant further answering says that if the plaintiff in this case should recover against the Eastern Texas Railroad Company for the damages charged against it in this cause, that the said Eastern Texas Railroad Company would have no recourse over against the Houston, East & West Texas Railroad Company for the damages to said cattle caused by the Houston, East & West Texas Railroad Company, unless such last-named company was made a party in this cause.

"Wherefore your defendant files this answer and shows to the court wherein the damages accrued to the cattle as claimed by the plaintiff herein, and prays that citation be issued to the Houston, East & West Texas Railroad Company requiring them to appear and answer plaintiff's cause of action, and that upon a final hearing hereof your said defendant, Eastern Texas Railroad Company, be permitted to defend this suit against the plaintiff and to presecute the same against the

Houston, East & West Texas Railroad Company, which company is alone responsible for the damages herein, and that judgment final shall be entered against the Houston, East & West Texas Railroad Company for such damages as plaintiff sustained to his cattle by reason of said shipment, and that the defendant go hence without day and recover its costs."

Upon the filing of this plea the cause was redocketed and numbered 177, and the following citation was issued and served upon appellant: "The State of Texas.

"To the sheriff or any constable of Houston County, greeting: You are hereby commanded that you summon the Houston, East & West Texas Railroad Company to be and appear before me, at a regular term of the Justice's Court for precinct No. 3 in said county of Houston, to be held at my office in the town of Ratcliff in the county of Houston, on the 16th day of June, A. D. 1908, to answer the suit of H. F. Barclay, plaintiff, against the Houston, East & West Texas Railroad Company, defendant, being numbered No. 177 on the docket of said court, the plaintiff's demand being for the sum of ($60) sixty dollars, due upon an account duly sworn to and filed in Justice Court, prect. No. 3, Houston County, Texas, on the 20th day of May, 1908. The plaintiff's demands being for the sum of $60 and interest at 8 pr. ct. from Jany. 10, 1908, and being for the killing of (3) three head of cattle valued at $40 and damages to (3) three head of cattle, $20, a total of $60, and interest at 8 pr. ct. as above stated.

"Wherefore plaintiff prays for judgment for the above sum of $60 with interest at 8 pr. ct. from Jany. 10, 1908, together with all costs of this suit, and for such other sums as said H. F. Barclay may be entitled to either in law or equity.

"Herein fail not, and of this writ make due return to the next regular term of the Justice's Court for precinct No. 3, in said county of Houston, to be held on the 16th day of June, A. D. 1908, next.

"Given under my hand this 21st day of May, A. D. 1908.

"A. J. McLemore,

"Justice of the Peace, precinct No. 3, Houston County, Texas."

In answer to this citation the appellant appeared in the Justice Court and entered a general denial to plaintiff's suit. There was a trial in the Justice Court of the original cause No. 176, and judgment was therein rendered in favor of the plaintiff against the appellee herein for the sum of $45, and in favor of appellant that plaintiff take nothing against it by said suit. The appellee appealed from this judgment to the County Court, and upon the trial *de novo* in said court judgment was rendered in favor of the plaintiff against the appellee herein for the full amount of his claim, and in favor of the appellee against the appellant herein for the same amount. The appellee having obtained, or being about to obtain, the issuance of an execution against the appellant upon said judgment, appellant applied to the district judge before named to restrain the execution of said judgment on the ground that it was rendered without any pleading to support it and therefore void. In refusing the application the district judge

made the following endorsement thereon, showing his reasons for such refusal:

"Injunction refused because it does not appear that the judgment of the County Court is void. The answer of the Eastern Texas Railroad Company is sufficient to authorize the judgment over against the Houston, E. & W. Texas Railroad Co., though it must be admitted that said answer is inartistically drawn. The prayer for judgment against the H., E. & W. Tex. R. R. Co. is not alone in favor of Plf., but in the light of the facts pleaded and other parts of said answer should be construed as asking for such judgment as the facts plead and proven will warrant."

We do not think the pleading before set out can be given the construction placed upon it by the trial judge. It does not appear from this pleading, nor otherwise from the record, that the stock killed and those injured were shipped under a through bill of lading, and the allegation of the pleading that appellee was not liable for the injury to said shipment negatives the idea that the shipment was upon a through bill. If the connecting carrier only undertook to transport the stock to the end of its line, and appellee did not receive them under a through bill of lading, article 331a of the statute does not apply, and appellee would not be liable for damages which occurred while the stock was in possession of its connecting carrier. Texas & P. Ry. Co. v. Arnett, 41 Texas Civ. App., 403. It goes without saying that if appellee was not liable to the plaintiff it would not be entitled to recover over against the appellant the sum wrongfully recovered against it by the plaintiff, notwithstanding the fact that appellant was liable to the plaintiff. If it be conceded, however, that the facts stated in the pleading would warrant a recovery by appellee against appellant of the damages recovered by plaintiff against it, the fact remains that no such recovery was asked. Appellee was not required to file a written pleading, but having done so it is bound by the allegations of the plea just as it would be if the case had not originated in the Justice's Court. There was no additional pleading, oral or written, on the part of appellee, and the judgment can only be sustained, if at all, upon the pleadings before set out. While it is true that pleading in the Justice's Court is not required to be as definite and specific as in courts in which written pleading is required, it can not be held that a pleading which asks a specific and definite relief without any prayer for general relief will support a judgment granting entirely different relief from that asked. In this pleading the prayer is that no judgment be rendered against the appellee, and that judgment for the amount of the damages sustained by plaintiff be rendered against the appellant. This is, in effect, a prayer for judgment in favor of plaintiff against the appellant and can not be otherwise construed. That this was the intention of the pleader is shown by the citation which was issued upon said plea and which only cites the appellant to appear and answer the suit of the plaintiff.

There being no pleading to support the judgment against appellant, such judgment is void, and the trial judge erred in refusing to grant the injunction. Houston, E. & W. T. Ry. Co. v. Skeeter, 44 Texas Civ. App., 105.

It follows that the order refusing the injunction should be reversed and the cause remanded, with instructions to the trial judge to grant the injunction upon the filing of a proper bond by appellant, and it has been so ordered.

*Reversed and remanded.*