WELLS FARGO & CO. EXPRESS v. KEELER. (No. 8052.)

(Court of Civil Appeals of Texas. Ft. Worth. Dec. 12, 1914. Rehearing Denied Jan. 16, 1915.)

1. JUSTICES OF THE PEACE ⬤174—APPEAL—PLEADING.

Plaintiffs' pleading in an action, originating in a justice court, for injury to an automobile, stating it was damaged in a certain sum, "as follows: * * *; and hire of horse and wagon during repair of car $19.50," is sufficient to justify evidence of such item, especially where the objection to the evidence is not on the ground of insufficient pleading.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 665–693; Dec. Dig. ⬤174.]

2. DAMAGES ⬤39— INJURY TO PROPERTY — AUTOMOBILES.

If, to put his automobile in as good condition as before its injury, plaintiff must buy pneumatic tires, because hard rubber tires, with which it had been fitted, are no longer made, he may recover from defendant therefor; though if, with pneumatic tires, the machine be of greater value than before, deduction for the enhancement in value should be allowed.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 260–284; Dec. Dig. ⬤39.]

3. APPEAL AND ERROR ⬤909—PRESUMPTION IN FAVOR OF JUDGMENT.

In favor of the judgment, the record being silent thereon, it will be presumed that plaintiff's automobile, fitted with pneumatic tires, was not of greater value than when fitted with hard rubber tires, as before its injury by defendant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3675; Dec. Dig. ⬤909.]

4. TRIAL ⬤274 — INSTRUCTIONS — NECESSITY OF REQUEST.

A party objecting to a charge given must submit a proper special charge.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 687; Dec. Dig. ⬤274.]

5. MUNICIPAL CORPORATIONS ⬤705—INJURY BY DRIVEN HORSE—LIABILITY.

Merely because conduct of defendant's horse, which, while being driven by him, backed into plaintiff's automobile, was the result of its inherent nature, defendant was not relieved of liability.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1515–1517; Dec. Dig. ⬤705.]

6. MUNICIPAL CORPORATIONS ⬤706—INJURY BY DRIVEN HORSE — CONTRIBUTORY NEGLIGENCE.

Evidence in an action for injury to plaintiff's automobile, while standing at a place of business, by defendant's team running into, *held* not to raise the issue of contributory negligence.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1518; Dec. Dig. ⬤706.]

7. NEGLIGENCE ⬤141—INSTRUCTIONS.

A requested charge that if, from the evidence, the jury believe that plaintiff was guilty of any negligence contributing proximately to the accident, he cannot recover, is improper, as not pointing out the respect in which it is claimed plaintiff was guilty of contributory negligence, but leaving the jury to speculation.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 382–399; Dec. Dig. ⬤141.]

Appeal from Cooke County Court; R. V. Bell, Judge.

Action by D. D. Keeler against the Wells Fargo & Co. Express. From a judgment for plaintiff, on appeal from a justice, defendant appeals. Affirmed.

Stuart, Bell & Moore, of Gainesville, for appellant. J. T. Adams, of Gainesville, for appellee.

BUCK, J. This was a suit brought by D. D. Keeler, appellee, in the justice court of Cooke county, Tex., to recover of appellant the sum of $143.45 as damages alleged to have been caused to appellee's automobile on May 20, 1913, on account of appellant's negligence. Appellee alleged, in substance, in the justice's court, that on said date, in the negligent operation of its express wagon, appellant ran into and against the delivery automobile owned by the appellee, breaking and damaging the same in said amount, for which he sought judgment. From a judgment in favor of appellee for the amount sued for in the justice court, an appeal was perfected to the county court.

Appellee filed an amended cause of action in the county court, setting up, in addition to the general ground of negligence relied on in the justice court, the further ground that the animal driven by the appellant was a vicious, unruly, and unsafe animal, and alleged items of damage as follows: One set of automobile tires $86; repairing top, side, and body of car $36.95; hire of horse and wagon during repair of car $19.50. In the county court appellant answered by general and special exceptions, by general and specific denial, and further pleaded that the conduct of the horse was due to its inherent nature, and that the items of damages claimed were grossly excessive, and that appellee was guilty of contributory negligence in placing said automobile in a place of danger and permitting it to remain there, it being the usual, and customary place where appellant loaded goods, appellant being at said place by the invitation of appellee; that the damage was the result of an accident over which appellant had no control, and that it used ordinary care to prevent the injury; that the item of $86 was in the nature of special damages of which appellant had no notice, and that the appellee had invited the appellant to come to the place where the accident occurred with its wagon to receive a consignment of goods, as was its custom, and that appellee was well acquainted with the ground and the situation, and that he was negligent in not

providing a reasonably safe place in which the goods might be received, and in leaving the automobile standing in a place of danger.

The cause was tried before a jury in the county court, and resulted in a verdict and judgment in favor of appellee in the sum of $143.45, and from this judgment appellant has perfected its appeal to this court.

[1] In appellant's first assignment of error it complains that:

"The court erred in permitting the plaintiff, D. D. Keeler, to testify as to the cost of the hire of a buggy and horse during the time the automobile was being repaired."

This defendant objected to said evidence as immaterial, incompetent, and irrelevant, and not a proper element of damages, as shown by defendant's bill of exceptions No. 2. In the seventh assignment of error appellant complains of the failure of the court in not sustaining its motion for a new trial and the twenty-fifth ground thereof, which was as follows:

"The court erred in refusing the sixth special instruction requested by defendant, reading as follows: 'You are instructed that the plaintiff cannot recover for the money paid for the horse and buggy hire while said automobile was being repaired, if any.'"

And in the twelfth assignment of error the appellant complains that:

"The court erred in the sixth paragraph of his charge to the jury, reading as follows: 'If you find from the evidence that the plaintiff is entitled to recover under the foregoing instructions, then you are further instructed that, if you find from the evidence that the plaintiff was compelled to hire a horse and wagon to carry on his business during the time his said automobile was being repaired then you will find in favor of the plaintiff for such sum also as he is (was) compelled to pay out for such horse during the time just mentioned, in addition to the sum expended, or to be expended, by him in repairing his said automobile.'"

These three assignments we will consider together.

Appellant's objection to the evidence with reference to the hire of a horse and buggy by appellee during the time his automobile was undergoing repairs, and to the failure of the court to give its special charge requested with reference to said item of damages, and the action of the court in giving the charge submitted to the jury on the ground that plaintiff, in the court below, was not entitled to recover damages for the hire of said horse and buggy, and that said item of damages did not constitute the true and legal measure of damages, and that therefore any evidence with reference thereto was immaterial and irrelevant. We think that undoubtedly the true measure of damages to which appellee was entitled, if at all, was the difference in the reasonable market value of the automobile just before and just after the injury complained of, and that under proper pleading he would have been entitled to recover the further sum, to wit, the reasonable value for the use of said automobile during the time he was necessarily deprived thereof while undergoing the repairs. To

shed light upon the tenability of these three assignments and the discussion by this court with reference thereto, it might be well to set out in full the plaintiff's pleading in the county court, to wit:

"Plaintiff says that on May 20, 1913, the defendant, its agents, servants, and employés, in the negligent operation of its express and delivery wagon, in the city of Gainesville, negligently ran into, against and over the delivery automobile owned and belonging to plaintiff, breaking, crushing, and demolishing the said automobile; that, in addition to the negligence as stated, the horse defendant used and caused to be driven to its said delivery wagon was a vicious, unruly, and unsafe animal; that, because of plaintiff's automobile having been run over and against as aforesaid, the same was injured and damaged in the sum of $193.45 as follows: One set of automobile tires $86; repairing top, seat, and body of car $36.95; and hire of horse and wagon during repair of car $19.50; total, $193.-45."

This amount is evidently an error in the transcript, and should be $142.45. In adding up said items in the complaint filed in the justice court, the total was made $143.45; thus making an error in the justice court of $1 and in the county court of $51; but we will discuss the assignments without reference to said error in addition, in that no error is assigned by reason of said mistakes in calculation. The writer of this opinion is inclined to the view that, inasmuch as the measure of damages would be the difference between the reasonable market value of the automobile immediately before and immediately after the injury complained of, as held by the cases cited by appellant— to wit, Cooper v. Knight, 147 S. W. 349; Hughes v. City, 12 Tex. Civ. App. 178, 33 S. W. 607; Railway Co. v. Levy, 45 Tex. Civ. App. 373, 100 S. W. 195—with the possible addition of the reasonable value of the use of the automobile during the time necessarily required for its repair, and that plaintiff, having elected to file and rely on written pleadings in both the justice and county courts, is restricted and bound thereby, and, having failed to plead properly this item of damages, cannot recover therefor, and that any evidence with reference thereto is inadmissible, and that a remittitur should be required, as a condition of affirmance, of $19.50, the alleged cost of the use of horse and buggy for said time. Railway Co. v. Railway Co., 57 Tex. Civ. App. 488, 122 S. W. 972. But the majority of the court hold that, inasmuch as the same particularity of pleading is not required in cases originating in the justice court as would be in cases originating in the county or district courts, the pleadings of plaintiff are sufficient to apprise defendant of the nature of plaintiff's claim as to this item of damages, and to justify the admission of the evidence complained of by appellant (Rector v. Orange Rice Mill Co., 100 Tex. 591, 102 S. W. 402; Lee v. McInnis, 128 S. W. 160; Ry. v. Scott, 156 S. W. 294), and that especially should these assignments be overruled in

view of the fact that appellant did not predicate his objections in the trial court upon the ground that there were insufficient pleadings to sustain the recovery for such item of damages. In deference to the opinion of my Brethren, I concur in such disposition, and said three assignments are hereby overruled.

[2, 3] In the second assignment the appellant complains of the action of the court in not sustaining defendant's motion for new trial and the fourth ground thereof, which, in substance, was that the court erred in permitting plaintiff to prove the cost of pneumatic tires, because, as stated, the undisputed evidence showed that the tires on the automobile at the time of the injury were rubber tires, and therefore that the testimony as to the cost of pneumatic tires was immaterial and irrelevant, and not a proper element of damages. In the third assignment the same question is raised in a different form, and also in the fifth, sixth, and thirteenth. The evidence shows that at the time of the injury the automobile of appellee was fitted with solid rubber tires which cost, when new, $50; that such tires were no longer manufactured, and that, in order to refit said automobile with tires, it was necessary to purchase pneumatic tires, which cost, when new, $96. Appellee secured a credit on such increased cost of $10 for his solid rubber tires, thus necessitating an outlay of $86, which he alleged as an item of damages. Appellant claims that this is in the nature of special damages, of which it had no notice, and that it ought not to be chargeable for such increased cost, but, in any event, only for the cost price of solid rubber tires, less depreciation at the time of the injury on account of wear and tear. We do not believe this contention is sound. If the appellant was liable for the injury complained of, appellee was entitled to have his automobile put in as good condition as it was before the injury, and if, in order to do this, it was necessary to purchase pneumatic tires, he would be entitled to do so, and to recover from appellant therefor. If the automobile, fitted with pneumatic tires, was of greater value than it was at the time of the accident, fitted with solid rubber tires, then appellee would be entitled to recover the reasonable cost of such pneumatic tires, less the enhancement in value, if any, of the automobile by reason of its having pneumatic tires instead of solid rubber tires. But the record is silent as to whether the car was more valuable with the pneumatic than with rubber tires, and, as every reasonable intendment must be presumed in favor of the judgment, we cannot conclude that appellant was injured, and therefore overrule the assignments mentioned.

[4, 5] In its fourth assignment of error appellant complains of the action of the court in not sustaining its motion for new trial and the fifth ground thereof, which is as follows:

"The court erred in the third paragraph of his charge to the jury, reading as follows: 'If you find from the evidence that the horse used by the defendant and worked to the express delivery wagon at the time of the alleged damage was not a safe and suitable animal to be used for such purposes, or that the habits of such animal made it unsafe to be used for such purposes, and if you shall further find that the use of said horse at the time and under the circumstances was negligence on the part of the defendant, or its servants and employés, then you will find for the plaintiff, although you should further find that the injury to plaintiff's automobile was caused by the action of said horse alone.'"

Said assignment is submitted as a proposition, and, as a proposition, is subject to the objection of being too general, and not specifically pointing out the error or vice complained of; but, if we should consider the same, we believe the assignment should be overruled. If appellant objected to said charge, it was its duty to submit to the court a proper special charge, and we hold that the special charge submitted by appellant, to wit:

"You are instructed that, if you believe from the evidence that the acts and conduct of the horse being driven by the defendant at the time of the injury was the result of the inherent nature of the horse, and that as a result the automobile was damaged, the plaintiff cannot recover, and you will find for the defendant"

—was not a proper charge, and did not submit the law with reference to such issue. It may be the inherent nature of a bulldog to run out and attack any person passing along the road in front of his owner's house. Can it then be said that because such result is due to the inherent nature of the dog that his master, who knows his nature and has allowed him to run loose, is not, because thereof, responsible therefor? We therefore overrule appellant's fourth, and likewise the eighth, assignment, which involves the same principle.

[6] In its ninth, tenth, and eleventh assignments appellant complains of the action of the court in overruling its motion for a new trial, and the twelfth ground thereof, in which it alleges error on the part of the trial court in its failure to submit the issue of contributory negligence on the part of the appellee and the failure to give the appellant's requested instruction. We do not believe that the issue of contributory negligence was raised by the evidence. The testimony of Mr. Anderson and of the plaintiff, Mr. Keeler, shows that the automobile injured was at the time of the injury standing at the west end of a platform, headed south, and backed up against the wall. It was in full view of the driver of appellant's wagon, and between the east side of said automobile and the west side of a wagon owned by the American Express Company, which was at appellee's place of business for the purpose of being loaded, there was a space about 15 to 18 feet, and into this space the driver of ap-

pellant's wagon attempted to back his wagon; that there was no other obstruction there except the automobile and the American Express Company's wagon. Mr. Anderson testified in part as follows:

"Our wagon and the American Express wagon were the only obstructions there. The first thing I noticed at that time was when the Fargo wagon approached from the west and pulled in a kind of a circle in order to back in. When he pulled in this circle and began to cut the wagon around the horse was facing southwest. The hind wheel at this time was in a southwest direction and the horse was in a southeast direction. When he got the horse around the hind wheel was in a kind of northwest direction. If he had continued in the northwest direction, I do not believe he would have struck the auto. At this, though, he pulled over still further and cut the wagon, in order to back straight down, and when he pulled over, his horse made a lunge to fight the American Express Company's horse. As he did this, the Fargo driver tried to check his horse and keep him from fighting the other horse. Then the Fargo horse reared up, and then reared back and ran the wagon back into the car, striking it on the left-hand side. The boy tried to stop him before the wagon struck the car, but the horse made a forward lunge and repeated his action. In all he struck the car about four times before he got him under control."

There is nothing in this testimony, or in the other testimony contained in the record, so far as we are able to determine, that tends to raise the issue of contributory negligence. With reference to the nature of the horse driven by appellant's driver, the latter, Mr. Block, testified as follows:

"I will be 20 years old in March. The wagon struck the car twice I know of. I could not say for sure about three times. Yes; it is possible to stop him without a whip, but you need something to help you. At this time I got over on the dashboard and hit him with the lines. The main cause of this injury to the machine was because he was fighting with the American (Express Company's) horse I reckon. That was what started it. Yes, he will play once in a while, and he has done this same way with other horses lots of times. Sometimes he will take a crazy notion and you can hardly stop him then."

[7] But, even if it could be reasonably contended that the issue of contributory negligence was raised by the evidence, appellant is not in a position to complain that said issue was not submitted because the special charge requested by it did not properly submit said issue, it being as follows:

"You are instructed that, if you believe from the evidence that plaintiff or his agents and servants were guilty of any negligence which contributed to proximately cause the injury and damage to said automobile, plaintiff cannot recover, and you will find for the defendant."

This is not a proper charge, in that it leaves the jury to roam over the wide domain of speculation in order to find some possible contributory negligence on the part of the plaintiff, and does not specifically point out the respect in which it is claimed the plaintiff was guilty of negligence proximately causing, or contributing to cause, the injury and damage complained of.

Finding no merit in the other assignments of error, they are overruled, and the judgment of the trial court affirmed.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes