SHARP et al. v. MORGAN. (No. 1123.)

(Court of Civil Appeals of Texas. Amarillo. Feb. 21, 1917.)

1. JUSTICES OF THE PEACE ⬤⟿100(1)—WRITTEN PLEADINGS—EFFECT.

When the parties to an action in justice court have filed written pleadings, the issues are confined to those made by such pleadings if no other pleadings are noted upon the docket.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. '§§ 336–340.]

2. TRIAL ⬤⟿251(2) — INSTRUCTION — PLEADING.

In proceedings on a judgment creditor's motion against a constable and sureties on his bond to recover against them the amount of plaintiff's judgment, where there were no pleadings upon which to base a requested instruction, the court did not err in refusing it.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 589.]

3. TRIAL ⬤⟿350(3)—SUBMISSION OF ISSUES.

On judgment creditor's motion for judgment against constable and sureties for failure to levy execution, the submission of the issues whether either of the executions was delivered to and received by the constable, and whether the judgment debtor had any property in the county subject to execution, was simply a submission of the different theories urged by the respective parties.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 829, 831.]

4. SHERIFFS AND CONSTABLES ⬤⟿159,—LIABILITY OF CONSTABLE — PROCEEDINGS ON BOND—INSTRUCTIONS.

On judgment creditor's motion for judgment against constable and his sureties for failure to levy execution, first and second paragraphs of charge, submitting issues whether either of executions was delivered to and received by the constable and whether the judgment debtor had any property in the county subject to execution, were not merely interrogatories and misleading and confusing.

[Ed. Note.—For other cases, see Sheriffs and Constables, Cent. Dig. §§ 372–382.]

5. TRIAL ⬤⟿255(2)—INSTRUCTIONS—REQUESTS —SUBMISSION OF ISSUES SEPARATELY.

On judgment creditor's motion for judgment against a constable and his sureties for failure to levy execution, if the constable desired to have the issues with reference to each execution submitted separately, a special charge should have been asked to that effect.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 630.]

6. APPEAL AND ERROR ⬤⟿742(1) — ASSIGNMENT OF ERROR—PROPOSITION—CONSIDERATION.

A proposition under an assignment of error not germane to the assignment will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000.]

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

7. SHERIFFS AND CONSTABLES ☞91 — INDEMNITY BOND—VALIDITY.

Where a bond to indemnify a constable levying execution was made out on a blank used for the purpose, failure to describe any property, where none had been pointed out by the judgment creditor, and the constable had never requested him to do so, did not affect its validity.

[Ed. Note.—For other cases, see Sheriffs and Constables, Cent. Dig. §§ 131–133.]

8. SHERIFFS AND CONSTABLES ☞91 — INDEMNITY BOND—VALIDITY.

Failure to erase the word "sheriff," where the two words "constable" and "sheriff" appeared on a blank for a bond to indemnify a levying constable, was a clerical mistake not affecting the validity of the bond; execution being delivered, not to a sheriff, but to a constable.

[Ed. Note.—For other cases, see Sheriffs and Constables, Cent. Dig. §§ 131–133.]

9. SHERIFFS AND CONSTABLES ☞159 — INDEMNITY BOND—OBJECTION TO.

Where, in a bond to indemnify a constable levying execution, the solvency of the sureties was not certified to by any officer of the county of the sureties' residence, they being strangers to the constable and their solvency unknown to him, but the constable accepted the bond, and did not raise the question of solvency until the judgment creditor moved for judgment against him for failure to levy the execution, it was too late to urge the objection to the bond that it did not certify the solvency of the sureties.

[Ed. Note.—For other cases, see Sheriffs and Constables, Cent. Dig. §§ 372–382.]

Appeal from Donley County Court; J. C. Killough, Judge.

Motion by W. C. Morgan against J. F. Cagle, as constable, and the sureties on his official bond, seeking to recover under Vernon's Sayles' Ann. Civ. St. 1914, art. 3776, the amount of a judgment. From a judgment for plaintiff against the constable and his sureties on appeal from the justice of the peace to the county court, they appeal. Judgment affirmed.

H. B. White, of Clarendon, for appellants. W. T. Link, of Clarendon, for appellee.

HALL, J. Appellee filed a motion in the justice court of Donley county against J. F. Cagle, as constable of Hale county, joining the sureties on his official bond as defendants seeking to recover against them under Vernon's Sayles' Civil Statutes, art. 3776, the sum of $208.40, being the amount of a judgment which appellee had previously recovered against J. J. Sharp of Hale county. It is alleged that on the 12th day of August, 1914, an execution was issued on the judgment addressed "To the Sheriff or Any Constable of Donley County—Greeting," and returned nulla bona the same date; that on October 13, 1915, appellee caused an alias execution to issue on said judgment, and on the 15th day of the same month delivered it to appellant J. F. Cagle, as constable of precinct No. 4 of Hale county; that this process was returned by the said Cagle not executed; that thereafter on the 11th day

of November, 1915, he caused a pluries execution to issue on said judgment, addressed to the sheriff or any constable of Hale county, and on the 4th day of said month placed the same in the hands of the said Cagle for execution; that Cagle failed and refused to execute the same, but returned it on the 4th day of December, 1915; that, simultaneous with the delivery of each of said executions to said Cagle, appellee also delivered good and sufficient indemnity bonds which were accepted by said Cagle; that, at the time said last-mentioned execution was delivered as aforesaid, the judgment defendant Sharp had personal property in his possession in Hale county, subject to execution, sufficient to satisfy the amount named in said writ; that the judgment upon which said execution was based was at that time, and has ever since the rendition thereof, been in full force and effect; and that the said Cagle could have realized the amount named in the execution mentioned had he levied the same upon the property of the judgment debtor. The prayer is for the amount of the judgment, $208.40, with 10 per cent. interest thereon from date and costs of suit. Judgment was entered upon said motion for the sum of $251.48. From this judgment appellants, by supersedeas bond, appealed to the county court of Donley county. After the removal of the cause to the county court, Cagle filed his answer in said court, consisting of a general demurrer, general denial, and specially pleading that upon receipt of the execution of October 13, 1915, and after due investigation made by appellee and himself, it was agreed and understood between them that there was not sufficient unincumbered property belonging to said Sharp in Hale county from which the amount of the judgment could be realized; that all the property owned by Sharp was heavily incumbered by unsatisfied mortgage liens, which fact was known to appellee at the time he delivered the execution to appellant; that in view of such fact before making a levy upon such mortgaged property appellant demanded of appellee a good and sufficient indemnity bond, in order that appellant might be protected against any claim or claims for damages should he levy upon such mortgaged property and attempt to sell the same, but that appellee failed and refused to furnish him with such bond; that in fact he received the execution dated November 11, 1915, with the understanding between appellee and this appellant that it would be turned over to one Henry Yates, the then acting deputy sheriff of Hale county; that appellant received such execution only for the purpose of delivering same to such deputy sheriff; and that in fact he immediately, upon receipt of such execution, delivered the same to such deputy sheriff for service, in accordance with the understanding with appellee.

By supplemental motion, consisting of demurrers and general denial, appellee specially denied all the allegations in appellants' special answer, alleging that he did deliver to Cagle a good and sufficient indemnity bond, with both executions, and that such bonds were accepted by Cagle, without objection. Upon these issues, a trial before a jury resulted in a judgment in favor of appellee against appellants, in the sum of $258.50, from which this appeal is prosecuted.

[1, 2] By their first assignment, appellants complain of the refusal of the court to give their first special charge that if the jury found and believed from the evidence that at the time the plaintiff Morgan left · the execution, dated October 13th, with Cagle, that he informed Cagle that the property of Sharp was covered by mortgages and that it was doubtful whether or not he would be able to realize anything on the execution, and for him to use his best judgment and discretion in making a levy, and that in pursuance to such understanding and instruction Cagle, after making an investigation as to such mortgages and the condition of such property, decided it would not be to the best interest of the plaintiff Morgan to make a levy upon such mortgaged property and returned the execution without doing so, then to find for the defendant. If we should admit that this instruction should have been given under the pleadings, we doubt its propriety for the reason that the uncontradicted evidence shows that Sharp owned sufficient property subject to execution at the time the writ was delivered to Cagle, from which it is evident that Cagle did not use sufficient diligence to inform himself, and abused the discretion which he says appellee gave him, in not making the levy. We are told in the brief of appellants that in addition to the written pleadings of Cagle, outlined above, he pleaded orally before ·the jury that at the time the execution dated October 13, 1915, was delivered to him by appellee, he was informed by appellee that all the personal property of Sharp, the judgment defendant, was heavily incumbered with mortgages, and that it was very doubtful whether or not anything could be made, instructing appellant to use his best judgment and discretion as to whether or not he would make a levy upon the property. Appellants, however, confess that no such oral pleading was noted upon the docket, either in the justice court or in the county court, and this record is innocent of any such allegations. The rule has been announced several times that, when the parties to an action in the justice court, have filed written pleadings, the issues are confined to those made by such pleadings, if no other pleadings are noted upon the docket. Silberberg v. Trilling, 82 Tex. 523, 18 S. W. 591; H. E. & W. T. Ry. Co. v. Eastern Texas Railway, 57 Tex. Civ. App. 488, 122 S. W. 972; Southwestern Portland Cement Co. v. O. D.

Havard Co., 155 S. W. 656; Young Mens' Christian Ass'n v. Schow Bros., 161 S. W. 931. There being no pleadings upon which to base such a charge, the court did not err in refusing the requested instruction. H. & T. C. Ry. Co. v. Red Cross Stock Farm, 22 Tex. Civ. App. 114, 53 S. W. 834; San Antonio Traction Co. v. Yost, 39 Tex. Civ. App. 551, 88 S. W. 428; First State Bank v. Hare, 152 S. W. 501.

The court charged the jury in the fifth paragraph as follows:

"Bearing in mind the foregoing instructions, I charge you that if you believe from the evidence that said executions or either of them were delivered to and received by the defendant Cagle, and that the defendant Sharp then had property in Hale county, Tex., subject to execution, then you will find for the plaintiff Morgan and against the defendant J. F. Cagle, as principal, etc., for the full amount sued for by plaintiff."

The defendant Sharp testified that at that time he had property subject to execution; that he then owned eight mules, five horses, eighty tons of kaffir corn, and maize, worth $8 per ton, and two wagons and an automobile; that Cagle never asked him to point out any property. It appears that there were mortgages upon six of the mules and three or four horses, and about $165 indebtedness against the crop. The record does not show that these mortgages were ever recorded, or that any one was entitled to rents out of the crop.

The fifth paragraph of the charge is made the basis of appellant's second assignment of error, and the first proposition under this assignment is that appellant Cagle, having pleaded that at the time the first execution was delivered to him he was informed by appellee that the property of the judgment defendant was heavily incumbered with mortgages, who instructed appellant to use his best judgment and discretion as to whether or not he would make a levy upon the property of Sharp, it was error for the trial court to ignore such defensive issues, and to instruct the jury that in the event they found that either of the executions in question had been placed in the hands of Cagle and at the time they were so placed in his hands the judgment defendant had property in Hale county, subject to execution, they should find for appellee. The trouble with this assignment is that no such pleading is shown by the record. The court specifically charged the jury that they "should bear in mind the foregoing instructions." Under the pleadings and evidence we think the charge is not subject to the criticism. A sufficient reply to the second proposition is that no such defensive matter as is claimed by appellants appears to have been set up.

[3-6] The court charged the jury, at appellants' request, that if plaintiff agreed for defendant to turn the execution, dated November 11th, over to Deputy Sheriff Yates, then not to find against defendant upon that

ground. The court erred, as is claimed by the third assignment, in submitting to the jury the issues, "Were either of the executions, bearing date October 13, 1915, and November 11, 1915, delivered to and received by the defendant Cagle?" and "Did the defendant Sharp, at the time of the delivery of said executions, or either of them, have any property in Hale county, subject to execution?" This was simply a submission by the court of the different theories urged by the respective parties. The objections urged to the first and second paragraphs of the court's charge were that they were merely interrogatories, propounded to the jury, and were misleading and confusing. We think these objections were properly overruled. If appellant desired to have the issues with reference to each execution submitted separately, a special charge should have been asked to that effect. Taking the court's charge as a whole, we think it is a fair presentation of the law applicable to the case. The second proposition under this assignment is not germane to the assignment and will not be considered.

Under the fourth assignment, appellant contends that the court erred in admitting in evidence the indemnity bond. The objections urged to its admission were: (a) That the bond was not made payable to the defendant J. F. Cagle as constable of Hale county, Tex.; (b) the property that said bond had been levied upon by defendant Cagle was not described in the blank left in the bond for that purpose; and (c) because in said bond the solvency of the sureties was not certified to by any officer of Donley county, Tex., the evidence having shown that the sureties resided in Donley county, that they were strangers to the defendant Cagle, and that their solvency was unknown to him. The bond contains this recital:

"Whereas, a writ of execution bearing date on the 26th day of January, A. D. 1915, issued in a certain suit pending in the justice court of precinct No. 2, Donley county, Tex., wherein W. C. Morgan, plaintiff, and J. J. Sharp, defendant, which the said W. C. Morgan has directed the constable, sheriff of Hale county, to levy upon certain goods and chattels pointed out by him as the property of said J. J. Sharp, viz."

The obligation of the bond is in consideration of the levy of said writ appellee and his sureties acknowledge themselves bound to pay "to the said constable, sheriff, as aforesaid," etc.

[7, 8] It is clear that the bond was made out upon a blank used for that purpose, and the failure to describe any property does not affect its validity, since none has been pointed out by appellee, and, so far as the record shows, Cagle had never requested him to point out any. The failure to erase the word "sheriff," where the two words "constable" and "sheriff" appear, was a clerical mistake and does not affect the validity of the bond, since the evidence shows that the execution was not delivered to a sheriff but to appellant Cagle, who was a constable.

[9] It is too late to urge the third objection to the solvency of the bond, since the record shows it was accepted by Cagle, and the question of its solvency was not raised until after this action was instituted.

We find no reversible error in the record, and the judgment is affirmed.