## SAN ANTONIO & A. P. RY. CO. v. TURNER.
### (No. 8918.)

(Court of Civil Appeals of Texas. Galveston. Jan. 20, 1927. Rehearing Denied Feb. 17, 1927.)

1. **Justices of the peace ⚖➡91(6)—General allegations of negligence and injury held sufficient, where case originated in justice's court.**

 Where plaintiff's pleadings, in case originating in justice's court, sufficiently informed court and defendant of rights asserted and damages claimed, their general rather than specific nature *held* not fatal.

2. **Justices of the peace ⚖➡90—Technical rules of pleading are inapplicable in cases originating in justice's court.**

 Cases originating in justice's court are not subject to the usual technical rules of pleading.

3. **Carriers ⚖➡227(3)—General allegation of damage to cow in transportation held not to cover loss of milk and cost of doctoring.**

 Where plaintiff claimed damages for loss of milk from his cow and cost of doctoring it, following negligent injury by defendant railway, a pleading generally alleging damage *held* insufficient to cover above items.

4. **Carriers ⚖➡227(3)—General allegation of damage to mule held not to cover loss of services and cost of doctoring.**

 Where plaintiff claimed damages for loss of mule's services and cost of doctoring it, following negligent injury by defendant railway, a pleading generally alleging damage *held* insufficient to cover above items.

5. **Justices of the peace ⚖➡100(1)—Plaintiff, undertaking to plead and state issues in justice's court, is confined to his pleading.**

 Where plaintiff undertakes to plead in justice's court and states the issues on which he relies, he is confined to what is there stated.

6. **Justices of the peace ⚖➡124(2)—Pleading in justice's court, asking specific relief, will not support judgment granting different relief.**

 Where plaintiff asks specific and definite relief in his pleadings in justice's court, a judgment granting different relief will be reversed.

Appeal from Colorado County Court; E. B. Mayes, Judge.

Action by C. A. Turner against the San Antonio & Aransas Pass Railway Company. Judgments for plaintiff in justice's and county courts, and defendant appeals. Reversed and rendered in part, and reformed and affirmed in part.

Baker, Botts, Parker & Garwood, of Houston, Marcus Schwartz, of Hallettsville, and Grobe & Miller, of Columbus, for appellant.

LANE, J. This suit was brought in the justice court of precinct No. 1 of Colorado county by C. A. Turner, against the San Antonio & Aransas Pass Railway Company, to recover the sum of $139. Plaintiff stated his cause of action in the citation served upon the defendant as follows:

"Damage caused by negligent and rough handling of car at Yoakum, Tex., by employees of said railway company, causing the wooden partitions in car to break down, and cattle and horses in car to trample and destroy property as follows, to wit:

"One rocking chair worth $5.50; four dining room chairs worth $6; one dresser worth $25, damaged $15; one dining room table, worth $6; one folding bed worth $17; one bedstead worth $11; one set of bed springs worth $10; two comforts worth $7.50; six quilts worth $9; two mattresses worth $7; ten sacks cotton seed, planting, damaged $10; ten sacks cane seed, damaged $7.50; eight collars and harness, damaged $5; one cow, damaged $7.50; one mule crippled, damaged $15."

The cause was tried in the justice court, where judgment was rendered for the plaintiff for the sum of $90.

The cause was carried by appeal to the county court. In the county court the plaintiff went to trial on the statement of his cause of action as made in said citation, to which defendant addressed two special exceptions (1) to the allegation of negligence, because such allegation is too general and fails to state in what particular the defendant was guilty of negligence in the handling of its cars to enable the defendant to make answer thereto; and (2) to the allegation as to the injury to one cow and one mule, in that it does not state the nature of the injuries.

These exceptions were overruled by the court. Thereupon defendant answered by general denial and plea of contributory negligence on the part of plaintiff.

The cause was tried before a jury, which returned a verdict in favor of plaintiff for $106.50, same being the aggregate of the following items:

| | |
|---|---:|
| 1 rocking chair | $ 5 00 |
| 4 dining room chairs | 6 00 |
| 1 dresser mirror | 11 00 |
| 1 dining room table | 3 00 |
| 1 folding iron bed | 15 00 |
| 1 iron bedstead | 6 00 |
| 1 set bed springs | 5 00 |
| 2 comforts | 7 50 |
| 6 quilts | 9 00 |
| 2 mattresses | 7 00 |
| 2 sacks cotton seed, damaged | 8 00 |
| 10 sacks cane seed | 4 00 |
| 8 collars and harness | 5 00 |
| 1 cow, damaged | 5 00 |
| 1 mule, crippled, damaged | 10 00 |

Judgment was rendered for the plaintiff in accordance with such verdict. From such judgment the defendant has appealed.

[1, 2] The court did not err in overruling appellant's special exceptions. From the statement made in the citation one can ascertain what rights the plaintiff was asserting, as well as the cause and nature of the damages claimed. Technical rules of pleading do not apply to causes originating in an appeal from the justice's court. Railway Co. v. Anderson, 85 Tex. 88, 19 S. W. 1025; Batla v. Goodell, 53 Tex. Civ. App. 178, 115 S. W. 622; Chicago, R. I. Ry. Co. v. Scott (Tex. Civ. App.) 156 S. W. 294.

The charge of the court, when considered as a whole, was not calculated to influence the jury to render an improper judgment. We therefore overrule appellant's complaints thereof.

[3, 4] As shown by the pleadings of the plaintiff, he sought recovery for damages to "one cow, $7.50, and to one mule, $15." The plaintiff testified that the damage suffered by him by reason of the injury to the cow was that he had to doctor her and that on account of her injury he lost the use of her milk for about one month, and that was the damage to the cow for which he was asking to recover. With reference to the damage to the mule, he testified that for the injury to the mule he claimed $15; that he was claiming such damage for the loss of the use or service of the mule and for medicine and labor in doctoring it.

It is clear from his pleadings that plaintiff did not thereby sue for the damages for the loss of the milk of the cow, nor for the value of the services of the mule, nor for medicine and labor in doctoring the mule.

[5] Where the plaintiff undertakes, as in this case, to plead and state issues on which he relies, he is confined to his pleading. Houston & Texas Central Ry. Co. v. Red Cross Stock Farm, 22 Tex. Civ. App. 114, 53 S. W. 834.

[6] A pleading in justice's court which asks specific and definite relief will not support a judgment granting a different relief. H. E. & W. T. Ry. Co. v. Eastern Texas Ry. Co., 57 Tex. Civ. App. 488, 122 S. W. 972.

Recognizing the rule established by the authorities cited, the trial court, at the request of appellant, instructed the jury that the evidence showed that plaintiff was claiming damages for loss of the milk of the cow alleged to have been injured, and for doctoring the cow, and loss of time of the mule alleged to have been injured, and for doctoring and attending said mule, and for labor in washing and cleaning the harness, but that, under the pleadings, plaintiff was not entitled to recover for such items of damage.

Notwithstanding the fact that the plaintiff sued for no such damages and the charge of the court just mentioned, the jury found for plaintiff for damage to the cow, $5 and for damage to the mule, $10, and the court rendered judgment for such sums in favor of plaintiff.

It is clear that, since plaintiff testified that the damages claimed by him for damages to the cow and to the mule and for which he was suing were as above stated, so much of the judgment as awarded a recovery for damages to the cow and the mule was not supported by any evidence, no other evidence than that of the plaintiff being offered in support of such damages.

Appellant also complains of so much of the judgment as awards to the plaintiff $6 for damage to four dining room chairs, in that the undisputed evidence shows that only three of the chairs were damaged and that the three which were damaged were damaged to the extent of $1.25 each, a total of $3.75. This complaint is, in part, well founded.

The plaintiff sued for the loss of four dining room chairs, valued at $1.50 each. He testified that three of them were totally destroyed and the other one was so badly damaged that he refused to take it, and the agent of the railroad company kept it. He testified that the chairs were worth only $1.25 each, and that was the sum he claimed for their loss. The jury found such damage to be $6, and the court rendered judgment accordingly.

As the undisputed evidence shows that the chairs were worth only $5 and plaintiff by his testimony claimed such sum only, the judgment for $6 for the chairs should be reformed so as to award to plaintiff $5 only for their loss.

For the reasons pointed out, so much of the judgment as awards $15 as damages to the cow and mule is reversed, and judgment is here rendered for appellant, denying to plaintiff any recovery for such items. The remainder of the judgment, to wit, $91.50, is reformed so as to reduce it by $1, same be-

ing the excess awarded for the four dining room chairs, and as so reformed the judgment is affirmed for $90.50.

Reversed and rendered in part, and reformed and affirmed in part.