### BRYAN v. JACOBY et al. (No. 7277.)

Court of Civil Appeals of Texas. Austin.
Oct. 31, 1928.

W. H. Graham, of Pecos, for appellant.
Clark & Clark and E. P. Bryan, all of Dallas, for appellees.

BAUGH, J. On March 19, 1921, Henry Jacoby and S. W. Ray obtained a judgment in the justice court, precinct No. 1, Dallas county, Tex., against J. H. Bryan for the sum of $200, with interest thereon from the date of the judgment at 6 per cent. per annum. Bryan appealed to the county court, which appeal was there dismissed on July 7, 1921, and writ of procedendo issued to the justice court. No appeal was prosecuted from this judgment. Execution was thereafter issued out of the justice court and returned nulla bona. On April 25, 1927, said J. H. Bryan filed an independent suit in said justice court of precinct No. 1 of Dallas county, seeking to set aside the original judgment against him, on the ground that same was void because the original petition filed therein showed that the amount sued for was in excess of $200, and beyond the justice court's jurisdiction. After a hearing, judgment was rendered against him in this second proceeding. Appeal was taken from this proceeding to the county court. An independent suit was also filed in the county court seeking to set aside the original judgment of the justice court, setting up the same grounds alleged in the second suit filed in the justice court. This suit in the county court was consolidated with the appeal from the justice court, and after a hearing upon the merits, judgment was rendered against Bryan in the consolidated case in county court, from which he has prosecuted this appeal.

374

Appellant asserts error of the trial court under the following contentions:

1. That having filed written pleadings in the original case in the justice court, claiming an amount in excess of the jurisdiction of that court, appellees were bound by such pleadings and could not vary or contradict them by showing oral amendments thereto before trial.

2. That having filed written pleadings in the justice court setting up their cause of action, they could not orally amend same so as to bring their claim within the jurisdiction of that court.

Neither of these contentions is sustained.

The pleading complained of, filed October 8, 1919, asserted a demand of appellees against appellant for $200, real estate commission "and for interest at 6 per cent. from September 3rd, 1919, and for costs of suit." Appellant contends that such interest, being recoverable only as damages in this instance, and not eo nomine, thus stated an amount beyond the jurisdiction of the justice court.

The general rule is that "when the parties to an action in the justice court, have filed written pleadings, the issues are confined to those made by such pleadings, if no other pleadings are noted upon the docket." Sharp v. Morgan (Tex. Civ. App.) 192 S. W. 601. In this case the justice court docket contained the following notation: "Suit upon debt for $200.00 of date ——— due ——— interest ——— per cent. ———."

The attorney for appellees testified that by oral amended pleadings in said justice court before trial he reduced appellees' demand to only $200, without claim for any interest thereon. The notation on the justice court docket, we think, indicates such amendment, and the judgment there rendered seems to accord with same.

This court has held that—"A plaintiff has the right to amend his petition so as to cure a defect of jurisdiction. * * * When such an amendment is made, the amount claimed upon the trial is the amount in controversy, and not the amount stated in the original pleading." Hufstutler v. Gulf, C. & S. F. Ry. Co. (Tex. Civ. App.) 216 S. W. 496, and cases there cited. And when the entries on the justice court docket do not show clearly what such oral pleadings were, oral testimony is admissible to show what they were.

The original judgment rendered by the justice court was therefore a valid judgment and not subject to being vacated or set aside.

The trial court's judgment herein must be affirmed for another reason: The judgment attacked was upon its face a valid judgment, recited jurisdictional facts, and was for an amount within the jurisdiction of said court. It was therefore not void but only voidable. Southern Surety Co. v. Texas

Oil Clearing House (Tex. Com. App.) 281 S. W. 1046. See, also, Duncan v. Smith Bros. Grain Co., 113 Tex. 555, 260 S. W. 1027; Clayton v. Stephenson (Tex. Civ. App.) 254 S. W. 507. And it could be set aside only in an equitable proceeding, setting up equitable grounds for doing so. Appellant had a legal remedy against such original judgment, if improper, by appeal or writ of error from the judgment of the county court after his appeal thereto from the justice court. He pursued neither of said remedies, but permitted said judgment to become final, and no attack was made thereon for nearly six years after its rendition. He cannot now be heard to complain in a court of equity.

Interesting questions as to the trial court's jurisdiction herein, and as to limitation, are presented by appellees, but under the conclusions we have reached we pass them without discussion here.

For the reasons stated, the judgment of the trial court is affirmed.

Affirmed.