Austin & Northwestern Railway Company v. John Anderson.

No. 7389.

1. **Pleadings in Justice Courts.**—Where an account is filed and an entry of the nature of the claim is made upon the docket of the justice, which indicates that the proper issues were made on the part of the plaintiff, it will not be presumed that sufficient oral pleadings were not made. Technical rules of pleading do not apply to the manner of forming issues in the Justice Court in ordinary suits. (See account and docket entry held sufficient.)

2. **Care Against Injury.**—The doctrine is well established, that where one is injured from another's breach of contract or tort, he is bound to use reasonable exertions—ordinary care—to render the injury as light as possible.

3. **Same—Case in Judgment.**—Action by land owner for damages to his land and crop thereon from overflow of water, caused by the embankment erected and kept up by the defendant. It was shown in defense that at an outlay of $35, which sum plaintiff was able to expend, the land could have been drained from the overflow, and the injury avoided. *Held*, such facts were not a perfect defense, unless it had been shown further that he (plaintiff) had the right to make· such drain without injury to neighboring lands.

Appeal from Travis. Tried below before Hon. W. M. Key.

*Fiset & Miller*, for appellant. — 1. It is the duty of a party to protect. himself from the injurious consequence of the wrongful act of another, if he can do so by ordinary effort and care, or at a moderate expense; and such party can recover under such circumstances from the wrongdoer no greater sum than was necessary to prevent the injnry. Field on Dam., sec. 21; 1 Suth. on Dam., 148, 150 (note 5), 154 (note 4); Hamilton v. McPherson, 22 N. Y., 72; Miller v. Mariner's Church, 7 Greenl., 51; Railway v. Ayers, 53 Ga., 12; 1 Sedg. on Dam., 129, 164–166, notes, et seq.; 2 Thomp. on Neg., 1091, note 7.

*Milton White*, for appellee.

COLLARD, Judge, *Section A.*—This suit was brought in the Justice Court by the appellee against the appellant, for damages, in which court. judgment was rendered for appellee for $170 damages. The case was appealed by the railroad company to the District Court, where there were verdict and judgment for appellee for $100, from which this appeal was taken.

The transcript from the Justice Court, it seems from the docket, characterizes the suit as: "Suit on damages to cotton crop, and damage to· land which the crop was on at the time, caused by usual rains by obstructing water, between February 1, 1889, and June 18, 1889, diverting said water from its usual and natural course, and causing the same to flow upon, wash away, and destroy said crop, to the amount of $40, and

damage to the land to the amount of $150, and damage to the fence to the amount of $2.50, all produced by the same cause.''

The account filed by plaintiff is as follows:

*Austin & Northwestern Railroad Company, to John Anderson,*        *Dr.*

| | |
|---|---|
| To damages to crop of cotton planted on twenty-three acres of ground, by obstructing water produced by ordinary rains between February 1 and June 18, 1889, diverting said water from its usual and natural course, and causing the same to flow upon, wash away, and destroy said crop..................... | $40 00 |
| To damage to the land upon which the crop was growing, produced by the same causes ................................. | 150 00 |
| To damage to fence, produced by same causes................. | 2 50 |
| | $192 50 |

Defenses pleaded by defendant were, general demurrer, special exceptions to items, and allegation as being too vague, indefinite, and uncertain to show any legal liability, general denial, and statute of limitation of two years.

It was in proof that plaintiff was damaged as alleged by the overflow of water on his land and crop, turned on his farm in a body by the construction of the railroad and a culvert; and it was in proof that he could have prevented the overflow by cutting a ditch on the line of his land where the water struck it, and that the ditch would not have cost more than $35. He was able to have the ditch cut, and knew that ordinary rains coming through the culvert would submerge his land as it did, as he had, prior to this suit, recovered a judgment against the company for similar injury, caused in the same way.

There was no ruling of the court upon the demurrer and exceptions of defendant to the cause of action as set up by plaintiff, and it does not appear that the court's attention was called to the matter. Therefore there could have been no error as assigned in overruling the same. Pleadings in the Justice Court are not required to be in writing in suits like the present; they are oral, but a brief statement of them is required to be made on the docket. Rev. Stats., art. 1573. Such brief statement was made, which, taken with the account filed, indicates that proper issues were made on the part of plaintiff. We would not presume in such case that sufficient oral pleadings were not made. Technical rules of pleading do not apply to the manner of forming issues in the Justice Court in ordinary suits, and we are not disposed to say that the account filed, with the entry on the docket as shown by the transcript from the Justice Court, was not sufficient as pleading in that court. Railway v. Donalson, 2 Willson's C. C., sec. 239.

The point was made in the motion for a new trial, and is here made by

assignment of error, that the verdict should have been set aside, because all damage could have been prevented by reasonable care at a small expense on the part of the plaintiff, much less than the verdict; that the verdict was excessive, and should not have been for more than the cost of prevention, or $35. The doctrine is well established, and is certainly founded on principles of justice, that when one is "injured from another's breach of contract or tort," he is bound to use reasonable exertion—ordinary care—"to render the injury as light as possible." Suth. on Dam., 148–152.

This defense to the action would have been good if it had gone far enough; that is, the plaintiff should have used the simple means suggested and turned the water off his land by a ditch, as he had been warned of the danger by previous injury from the same source, but for the fact that it does not appear that in so doing he would not injure contiguous land. The defense was incomplete; it should have shown not only that he could have avoided the injury by the small expenditure, and that he was able to do so, as was proved, but that he had the right to do so without detriment to neighboring land. Such a ditch as suggested may have served merely to transfer the injury from one place to another, and not abate it in fact. The burden was upon the defendant to show such facts as would make the defense complete. The court charged the jury that ordinary care was required by plaintiff to avoid the injury. The absence of proof that a ditch would abate the injury may have influenced the jury in finding that such care would not demand the ditch. The defense was imperfect.

We find no error in refusing a new trial, and conclude that the judgment of the lower court should be affirmed.

*Affirmed.*

Adopted May 31, 1892.