## J. E. HOWARD v. LEE FABJ.

Decided February 17, 1906.

**1.—Pleading in Justice Court.**

Pleadings in a Justice Court, although in writing, need not be more certain and specific than when oral. Such pleadings are not governed by the same strictness as pleadings in the District and County Courts; and the same rule applies on appeal from the Justice to the County Court.

**2.—Injury to Horse—Improper Testimony.**

. Although improper to permit plaintiff to testify that he could not sell his horse for a certain price because of the injuries inflicted by defendant's negligence, such error was harmless, there being uncontradicted competent testimony as to the market value of the horse.

Appeal from the County Court of Galveston County. Tried below before Hon. Lewis Fisher.

*Wheeler & Clough,* for appellant.

No briefs for appellee.

REESE, ASSOCIATE JUSTICE.—This was a suit instituted in the Justice Court by Lee Fabj against J. E. Howard to recover damages in the sum of $98.65.

The plaintiff's cause of action was stated in a written complaint filed in the Justice Court, as follows: "Plaintiff had his horse and buggy hitched at United States Custom House, on Post Office Street, in said city of Galveston, which horse was tied to a hitching post located opposite said Custom House, and defendant, who is engaged in the business of bill posting and advertising signs, etc., was engaged in his calling and said business on said 1st day of October, 1903, and in the conduct and management of said business he was required to have in his possession a lot of paper, consisting of advertising material, which was placed or posted upon certain walls or board fences in different parts of said city of Galveston, and that while so engaged in his said calling or business, at or near the corner of Twentieth (20th) and Post Office Streets, in said city of Galveston, where plaintiff's horse and buggy were standing, said defendant did carelessly and negligently permit to remain in his wagon, and on the sidewalks of the said city of Galveston, his said advertising papers, material and matter, to remain and come in such close proximity to the said plaintiff's horse as to cause said material, papers and advertising matter to arise and come in contact with said horse as to cause him to become frightened, break his hitching strap, and release himself from the fastenings placed by plaintiff, causing the said horse to run away, breaking the said harness, damaging the said buggy, harness and horse in the sum of ninety-eight dollars and sixty-five cents ($98.65)."

Defendant also filed written pleadings in the Justice Court, demurring generally to plaintiff's complaint or petition, and also specially excepting to the same for want of certainty, and pleading general denial.

The general demurrer and special exceptions were overruled, and, upon trial before a jury, there were verdict and judgment for plaintiff.

Defendant appealed to the County Court. In the County Court the general demurrer and special exceptions were again urged and over-ruled, and the case went to trial before a jury upon the petition and general denial, and there were verdict and judgment for plaintiff, from which defendant Howard appeals. No briefs are on file for appellee.

Appellant assigns as error the ruling of the court in overruling his general demurrer and special exceptions. These assignments can not be sustained. Although the pleadings were in writing, they were not required on that account to be more certain and specific than if they had been oral. There is no authority for requiring written pleadings prepared by an attorney, in a case in the Justice Court, to be more specific and certain than if the case had gone to trial upon oral state-ments of the cause of action and grounds of defense interposed by the parties themselves, and the same rule follows the case on appeal to the County Court. Such pleadings are not governed by the same strictures as pleadings in the District and County Courts. (Austin & N. W. Ry. Co. v. Anderson, 85 Texas, 88; Milam v. Filgo, 22 S. W. Rep., 538; Texas & Pac. Ry. Co. v. Wright & Seay, 2 White & W., sec. 339; Gulf, C. & S. F. Ry. Co. v. Hutcheson & Carrington, 3 White & W., sec. 96.)

It was error to allow the appellee to testify, over objection of appel-lant, that he had tried to sell the horse alleged to have been damaged several times, and had been unable to find a purchaser at $75, but the error was harmless, in view of the fact that proper evidence was intro-duced, which was not contradicted, as to the effect of the accident upon the market value of the horse.

The case appears to have been fully presented upon both sides upon the essential facts. The charge of the court fully and fairly presented the issues. The jury, both in the County and the Justice Courts, found for plaintiff, and we can find no error requiring a reversal of the judg-ment.

*Affirmed.*