Maud Whitcomb sued the Houston Transfer Carriage Company in the justice court to recover the value of a certain "grip" and contents which it was alleged had been delivered by her to the transfer company at the Grand Central Station in Houston to be transferred to the International Great Northern Railroad Station; the transfer company giving her a check for the baggage, a duplicate of which was attached to the grip. In the justice court the transfer company brought in the receiver of the International Great Northern Railroad Company as a defendant, alleging that the grip was lost by its negligence, and prayed judgment over against it in case the plaintiff recovered of the transfer company. In the justice's court the receiver demurred generally to the petition of the transfer company against it, which the justice overruled. A trial in that court resulted in a judgment in favor of plaintiff against the transfer company for $122.33 as the value of the grip and contents, and in favor of the transfer company against the receiver for the same amount, from which an appeal was taken. In the county court the general demurrer of the receiver to the petition of the transfer company against him was sustained, leave to the transfer company to amend, seasonably made, was refused, and the cause as to the receiver dismissed. The trial resulted in a judgment for the plaintiff against the transfer company for $122.33. The transfer company brings the case to this court on appeal from the judgment in favor of plaintiff, and also from the judgment sustaining the general demurrer of the receiver of the International Great Northern Railroad Company, refusing the leave to amend, and dismissing the receiver. The appeal bond is payable to both appellees. No brief is on file for the receiver. We are of the opinion that the evidence is sufficient to sustain the judgment in favor of Miss Whitcomb against the transfer company.
The assignment of error to the admission of the testimony of appellee over the objection of appellant that it would cost her the amount claimed to replace the articles of clothing lost is overruled. If this evidence stood alone it would have been objectionable, as this is not the proper measure of damages for property of this kind, but the witness follows this statement with the further statement that the articles were worth that much to her. We understand that the authorities hold that this is the proper measure of damages. Railway Co. v. Nicholson, 61 Tex. 550. No other evidence of value was offered. The case was tried without a jury.
The judgment as to the demand of appellant against the receiver of the International Great Northern Railroad Company must be reversed. We are not advised upon what grounds the general demurrer to the petition of the transfer company was sustained and leave to amend refused. The petition states a good cause of action against the receiver, at least as against a general demurrer. Railway Co. v. Pigott, 54 Tex. Civ. App. 367,116 S.W. 849; Howard v. Fabj, 42 Tex. Civ. App. 42, 93 S.W. 225.
But, whether this be true or not upon the sustaining of the demurrer, appellant had the clearest right to amend, which it seasonably asked leave to do, and which was refused. The point is clearly presented by a proper bill of exceptions, leaving no room for mistake. The evidence might be such as to authorize a recovery on the part of the plaintiff against the transfer company, growing out of its contract to deliver the grip to her at the International Great Northern Railroad Station, and also in favor of the transfer company against the receiver of that road, growing out of the negligence of his agents, to whose care the grip had been intrusted by the transfer company by depositing it, in accordance with well-established custom, in the baggage room. Railway Co. v. Pigott, supra.
We are of the opinion that the judgment in favor of Miss Whitcomb against appellant should be affirmed, and the judgment in favor of the receiver of the International Great Northern Railroad Company against appellant should be reversed, and the cause remanded for a new trial of the issues between them, and it is so ordered.
Affirmed in part; reversed and remanded in part. *Page 360