**HOLEKAMP REALTY CO. et al. v. WOOD-RUFF.** (No. 7503.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 17, 1926. Rehearing Denied March 10, 1926.)

**1. Justices of the peace ⬅174(22).**

Oral pleadings are permissible in county court on appeal from justice court, in which formal pleadings have been dispensed with, under Vernon's Sayles' Ann. Civ. St. 1914, art. 2325.

**2. Principal and agent ⬅124(2)—Failure to submit issue to jury whether agreement with broker's agent for commission was within scope of agent's authority held to require reversal.**

In action for brokerage commission under alleged agreement with broker's agent, failure to submit issue, raised by pleadings and proof, whether defendant's agent had authority to make such agreement, to jury, *held* to require reversal.

**3. Principal and agent ⬅136(2).**

If broker's agent was within scope of authority in making agreement to divide commission with another, he was not bound individually.

Appeal from Bexar County Court for Civil Cases; McCollom Burnett, Judge.

Suit by T. W. Woodruff against the Holekamp Realty Company and others. Defendants had judgment in the justice court, and on appeal to county court, judgment was for plaintiff, and defendants appeal. Reversed and remanded.

Conger & Conger, of San Antonio, for appellants.

Henry E. Vernor, of San Antonio, for appellee.

FLY, C. J. This suit was instituted by appellee in the justice's court of precinct No. 1, Bexar county, against the Holekamp Realty Company, a partnership composed of Theo and George Holekamp, and their salesman, Paul Dobrowalski for one-half of a brokerage commission of 5 per cent. on $7,125. In that court appellee failed to recover and appealed to the county court, where the cause was submitted to a jury on two special issues, and judgment rendered in favor of appellee for $178.38 against all the parties.

[1, 2] The first proposition assails the action of the court in overruling the general demurrer to appellee's statement of his claim. The proposition is not based on any one of the assignments of error, and, if it had been, the record fails to indicate that any action was taken by the trial court. It may be said, however, that no written pleadings are required in justice's courts, and on appeal to the county court the statement entered on the docket of the justice of the peace was all that

was required. Oral pleadings on appeal were permissible in the county court. Formal pleadings are dispensed with in the justice's courts. Article 2325, Vernon's Sayles' Ann. Civ. St. 1914; Railway v. Philips, 63 Tex. 590; Mensing v. Ayres, 2 Willson, Civ. Cas. Ct. App. § 562.

The statement on the justice's docket shows that appellee sued the Holekamp Realty Company, a partnership composed of Theo Holekamp and George Holekamp and their agent, for one-half of certain commissions for sale of certain land. The facts tended to show an agreement by the agent to divide the commissions with appellee. It is not pretended that either of the partners made any agreement as to the commissions and they were not bound unless liable by reason of the agreement of their agent. In that state of case the trial judge submitted to the jury the issue:

"Was there an agreement between plaintiff, Woodruff, and the said Dobrowalski that plaintiff was to receive part of the commission on the sale of the property in question?"

No preliminary statement of the issues in the case was made by the court, and, on the answer in the affirmative and the finding as to the amount of the commission, the court proceeded to render a judgment for the sum found against the partnership, the individual partners, and the agent. The agency had been contested, the Holekamps denying the authority of Dobrowalski to make an agreement to give appellee one-half the commissions. The issue of agency was not submitted to the jury, although the liability of the Holekamps could only arise on a finding under the evidence that Dobrowalski had authority to bind them as to the commissions. The agency of Dobrowalski and his authority to make the contract which formed the basis of the suit was the pivotal one and could not be assumed to have been proven, especially in the light of the evidence tending to show he had no such authority.

[3] If Dobrowalski acted within the scope of his authority as the agent of the Holekamp Realty Company as claimed by appellee, then he was not bound individually, and, if he was not the agent of the realty company, then the partnership was not bound. The court, by its judgment, made all the parties sued liable on a verdict by the jury that Dobrowalski not as agent, for his agency was not mentioned, had made a contract with appellee. The agency was alleged and denied and was undoubtedly an issue. If the agency was not an issue, appellee could not recover against the partnership, because only through the agency of Dobrowalski could they be connected with the contract. Appellants had the same right to plead orally that the appellee had, and, from the fact that so much of the testimony was devoted to the question of

⬅For other cases see same topic and KEY-NUMBER in all-Key-Numbered Digests and Indexes

agency, we must conclude that appellants pleaded a lack of authority in the agent to make the contract. Railway v. Anderson, 19 S. W. 1025, 85 Tex. 88. The errors alluded to are fundamental.

The judgment is reversed, and the cause remanded.