### AMERICAN PRINTING CO. v. DAILEY et al.
### No. 1691.

Court of Civil Appeals of Texas. Waco.
Jan. 16, 1936.

Rehearing Denied Feb. 20, 1936.

906

Wear & Wear, of Hillsboro, and Sauls-bury & Skelton, of Temple, for appellant.

Frazier & Averitte, of Dallas, for appellees.

GALLAGHER, Chief Justice.

This appeal is prosecuted from a judgment of the county court denying appellant, American Printing Company, a judgment against appellees, J. G. Crowder, J. D. Cannon, and W. V. Blasingame, for the conversion of one Ford car upon which appellant held an unsatisfied mortgage, constructive notice of which had been given by proper filing.

The case was tried to a jury. The testimony as to the value of the mortgaged property is immaterial here. On other issues it was practically without contradiction. A. J. Dailey, on December 23, 1933, executed and delivered to appellant his promissory note due February 10, 1934, for the sum of $100, with interest from date and attorney's fees, and secured the same by a mortgage on a Ford car. Said mortgage was duly filed in the proper county. On the 16th day of January, 1934, Dailey traded the mortgaged car to appellees, and they in due course of trade sold the same to a customer. On February 20, 1934, upon Dailey's representation that the Ford car had been wrecked in a collision in the state of Georgia and had been abandoned, appellant accepted from him a renewal note, dated February 20, 1934, for the sum of $108, and secured by a mortgage on a Lincoln car. There was testimony that Dailey removed said car to the state of Georgia and that it could not be found. When appellant ascertained that the Ford car on which it held such mortgage had been traded to appellees in Hill county, Tex., it repudiated the renewal note and mortgage and sued Dailey on the original note and mortgage. It made appellees parties to the suit and sought judgment against them for conversion. The court submitted the following special issue: "Do you find from a preponderance of the evidence that the mortgage executed in Fort Worth by A. J. Dailey on the Lincoln automobile, a certified copy of which is in evidence before you, was accepted by the plaintiff, American Printing Company, upon an agreement that it should be substituted in place of the mortgage on the Ford automobile, a certified copy of which is also in evidence before you, as security for the debt owing by A. J. Dailey to plaintiff?" The jury answered said issue in the affirmative. Appellant requested and the court refused to submit the following issue: "Do you find from a preponderance of the evidence that the plaintiff herein accepted the mortgage upon the Lincoln automobile because of the representation made by A. J. Dailey to the effect that the Ford automobile upon which he had theretofore given a mortgage to secure the indebtedness herein sued on, had been in a wreck and was destroyed?" The court rendered judgment dismissing appellant's suit against Dailey, and based on the special issue aforesaid and the answer of the jury thereto, denied appellant any recovery and awarded appellees their costs.

### Opinion.

Appellant presents assignments of error in which it contends that the court erred in overruling its objection to the issue submitted, and in refusing to submit the issue requested by it. The issue submitted by the court as hereinbefore recited did not invoke consideration of the information upon which appellant acted in the renewal transaction, nor a finding with reference thereto. Appellant objected to such issue on that specific ground. It also requested the submission of a special issue covering the omission. Appellees insist, however, that appellant's pleadings do not

raise such issue. Consideration of appellees' contention involves a review of the pleadings of the parties, all of which were oral. Appellant pleaded in general terms the execution and delivery to it by Dailey of the original note; the mortgage on the Ford car securing the same and the conversion of said car by appellees. No reference to the second note and mortgage was contained in its pleadings. Appellees pleaded that if they purchased the car, which they did not admit, appellant, with full knowledge of the facts, accepted other and ample security for its debt, and that such debt was thereby novated and its mortgage lien on the Ford car satisfied, discharged, and released. No reply thereto was made by appellant, but none was necessary to put such allegations in issue. 26 Tex.Jur., p. 842, § 51; Rev.St. art. 2005. Great liberality is indulged in determining the sufficiency of oral pleadings, both in the justice court and in the county court on appeal. 26 Tex.Jur. p. 840, § 50; p. 955, § 142; Austin & N. W. Ry. Co. v. Anderson, 85 Tex. 88, 19 S.W. 1025; Houston & T. C. R. Co. v. Southern Agricultural Cement Co., 112 Tex. 139, 144, 145, 245 S.W. 644; Farmers' & Citizens' Sav. Bank v. Smith (Tex.Civ.App.) 188 S.W. 1026, 1028, par. 1; Howard v. Fabj, 42 Tex.Civ. App. 42, 93 S.W. 225; Rector v. Orange Rice Mill Co., 100 Tex. 591, 102 S.W. 402; Fidelity Lumber Co. v. Bean (Tex. Civ.App.) 203 S.W. 782; Chicago, R. I. & G. R. Co. v. Scott (Tex.Civ.App.) 156 S.W. 294, 295, pars. 2 and 3; Byrne v. Prudential Ins. Co. of America (Mo.App.) 79 S.W.(2d) 789, 790, par. 1; Olds v. Aven (Mo.App.) 182 S.W. 1010, 1011, par. 4. Appellees' allegation that appellant accepted the substituted security with full knowledge of the facts raised an issue with reference to the information possessed by it at that time, and was, under the liberal rules of pleading applicable in this case, sufficient predicate for the introduction of the testimony of appellant's witnesses that Dailey, to induce such action, represented that the Ford car covered by the original mortgage had been wrecked and was practically worthless, and that its representatives believed and relied thereon. A finding of the jury in accord with such testimony would have been sufficient to prevent the acceptance of the renewal note and the new lien from constituting any bar to recovery by appellant for the conversion of the car covered by the original mort-

gage. 31 Tex.Jur. p. 386, § 4; Id., p. 404, § 17; 46 C.J., p. 582, § 16. Appellant's objection and request, considered together, were sufficient to require submission of an appropriate issue or issues with reference to the representations made to appellant to induce it to accept the renewal note and new mortgage in lieu of the originals and its reliance thereon.

The judgment of the trial court is reversed, and the cause remanded.