**SHELLHAMMER et al. v. CARUTHERS.**

No. 2997.

Court of Civil Appeals of Texas. Beaumont.

Dec. 23, 1936.

Rehearing Denied Dec. 30, 1936.

D. E. O'Fiel, of Beaumont, for plaintiffs in error.

LeRoy McCall, of Beaumont, for defendant in error.

WALKER, Chief Justice.

This appeal is by writ of error, but the parties will be referred to as appellants and appellee; the action was by appellee, J. L. Caruthers, against appellants Menard Shellhammer et al. to recover damages for the overflow of his land and to his growing crops. He pleaded two theories of recovery: (a) For a portion of his land he had a right of drainage across appellants' land on allegations that his land was higher than appellants' and that appellants interfered with his drainage by building an embankment on their land between his land and their land. (b) As to the balance of his land he had a prescriptive right of drainage through an old abandoned canal that crossed his land onto and across appellants' land, and that appellants interfered with this right of drainage by building a dam on their land across the abandoned canal. Appellants answered by demurrers, general denial, and by special plea that at a slight expense appellee could have anticipated and prevented the damage. The case was submitted to a jury on special issues; the verdict was returned and filed in court on

the 24th day of November, 1934. On January 2, 1935, appellee filed motion for judgment on the verdict of the jury. The district court of Jefferson county has two terms each year: (a) The first term, known as the January-June term, begins on the first Monday in January in each year and continues until and includes Sunday next before the first Monday in July of the same year; (b) the second term, known as the July-December term, begins on the first Monday in July each year and continues until and includes Sunday next before the first Monday in the following January. This case was tried in the Sixtieth district court of Jefferson county, Hon. J. D. Campbell, Judge. Appellee filed his motion for judgment on the verdict of the jury during the last week of the July-December term of court for 1934. No judgment was rendered on the verdict of the jury, and no action whatever was had at that term of court on appellee's motion —it was neither granted nor overruled and no order of any kind was made continuing it into the next term. Hon. J. D. Campbell, the judge of the court who tried this case, died during the January-June term, 1935, without making any further orders in the case. Hon. R. L. Murray was appointed judge to succeed Judge Campbell. On the 28th day of June, 1935, Judge Murray rendered judgment on the verdict of the jury in favor of appellee for the sum of $550, but his judgment was not entered on the minutes of the court at that term. On the 10th day of July, 1935, during the next ensuing term of court, appellee filed his motion to enter judgment nunc pro tunc, which motion was granted and judgment entered as of the 28th of June of 1935.

We overrule appellants' contention that the court did not have jurisdiction to render judgment in this case during the January-June term, 1935. Nevitt v. Wilson, 116 Tex. 29, 285 S.W. 1079, 1083, 48 A.L.R. 355, by the Supreme Court, is directly in point against appellants' proposition on this point. In that case the special verdict was returned and the successful party in the verdict filed motion for judgment before the adjournment of the term of court. Speaking for the Supreme Court, Mr. Chief Justice Cureton held that this motion "went over without abatement * * * to be acted on [by the court] 'at any time which the judge may fix' "; and that the motion for judgment on the verdict had the effect of giving the court a continuing jurisdiction of the case into the next term of court. See, also, Atlas v. Byers (Tex.Civ.App.) 21 S.W.(2d) 1080, 1084; Spencer v. Citizens' State Bank (Tex.Civ.App.) 28 S.W.(2d) 1104; Miller & Babbs v. Hall (Tex. Civ.App.) 62 S.W.(2d) 165.

Appellants did not establish their special defense that appellee could have avoided the damage "with reasonable exertion and trifling expense" which is the rule in this state. Kendall v. Chicago, R. I. & G. R. Co. (Tex.Civ.App.) 95 S.W. 757; 13 Cyc. 75; 8 R.C.L. 442; Tex.Jur. vol. 13, p. 112; Galveston, H. & S. A. Railroad Co. v. Becht (Tex.Civ.App.) 21 S.W. 971; Walker v. Salt Water Co. (Tex.Civ.App.) 64 S.W.(2d) 1015; Poutra v. Martin (Tex.Civ.App.) 135 S.W. 725; Austin & N. W. Ry. Co. v. Anderson, 85 Tex. 88, 19 S.W. 1025; Mutual Investment Corp. v. Hays (Tex.Com.App.) 59 S.W. (2d) 97. On this issue the jury found that, by digging a drainage ditch at a cost of $50, appellee could have drained his land and avoided all the damage sued for, and that was the full extent of its findings. Without passing upon the question whether or not, on the facts of this case, $50 was a "trifling expense," within the rule announced by the authorities cited above, the defense was incomplete. There was no finding that appellee was able to pay the $50, the cost of the drainage ditch, and there was no finding that had he dug the ditch he would not have injured contiguous land. These findings were necessary to complete the defense. Austin, etc., Ry. Co. v. Anderson, 85 Tex. 88, 19 S.W. 1025.

But we sustain appellants' proposition that the verdict of the jury does not support the judgment. On appellee's theory of prescriptive right to use the old canal for drainage purposes, the court submitted to the jury the issue of the length of time he had so used the canal, which question the jury did not answer. Without an answer to that question finding a period of ten years appellee had no prescriptive right. The case is before us without a statement of facts. Appellants insist that it is our duty to presume that the court found this issue in his favor on the undisputed facts. Appellee is not entitled to that presumption. Since the issue was sent to the jury, we must presume, in the absence of a statement of facts, that it was a jury question which the court could not decide in rendering the verdict.

The judgment was rendered in a gross sum of $550. If we concede appellee's counter proposition that he made out his case for damages suffered by building the embankment, yet we are unable to separate the damage caused by blocking the drainage through the canal and that caused by blocking the drainage from the balance of the land.

It follows that the judgment of the lower court should be reversed and the cause remanded for a new trial, and it is accordingly so ordered.

Reversed and remanded.