### SHELLHAMMER et al. v. CARUTHERS.
### No. 3815.

Court of Civil Appeals of Texas. Beaumont.

Feb. 20, 1941.

David E. O'Fiel, of Beaumont, for appellants.

LeRoy McCall, of Beaumont, for appellee.

O'QUINN, Justice.

For a statement of the nature of this suit, see the opinion on the former appeal, Shellhammer v. Caruthers, Tex.Civ.App., 99 S.W.2d 1054. The case is now before us on appeal prosecuted by appellants, Shellhammer et al., from the judgment in favor of Caruthers, in the sum of $251 predicated on the jury's affirmative answers to special issues Nos. 9 and 10.

"Special Issue No. 9.

"From a preponderance of the evidence, did the water from a portion of plaintiff's land drain through said barrow pit or rice canal from the time you have found they were left open, if you have found that they or either of them was left open conteneously with each recurring rain, until 1932? Answer 'it did' or 'it did not'.

"Special Issue No. 10.

"From a preponderance of the evidence, did the water drain through said canal or barrow pit peaceably and adversely as between plaintiff and defendant and those under whom they held the land? Answer 'it did' or 'it did not'."

No statement of facts is in the record.

We sustain appellants' exceptions to the ruling of the court, refusing to define the words, "peaceably and adversely", as used in special issue No. 10. To mature his right of drainage across appellants' land, appellee rested under the burden of securing an affirmative answer to questions Nos. 9 and 10; he must have enjoyed this right "peaceably and adversely"; in actions of adverse possession these words have a special meaning, and they should have been defined in the language of Art. 5513, 5514, R.C.S.1925.

Appellants' other exception to the court's charge cannot be reviewed in the absence of the statement of facts.

It follows that the judgment of the lower court should be reversed, and it is accordingly so ordered.

Reversed and remanded.