## MASSACHUSETTS BONDING & INS. CO. v. WOOLEY.

### No. 6097.

Court of Civil Appeals of Texas. Texarkana.

Feb. 29, 1944.

Rehearing Denied March 9, 1944.

Ramey, Calhoun, Marsh, Brelsford & Sheehy, of Tyler, for appellant.

Troy Smith, R. S. Burruss, and Kelley Smith, all of Tyler, for appellee.

HALL, Chief Justice.

This is a suit for damages for the alleged wrongful cancellation of a certain health and accident insurance policy, and to recover benefits for illness suffered prior to said cancellation. The insurance policy in question was issued and delivered by appellant to appellee on September 4, 1928, and was by appellant terminated and cancelled on August 31, 1942, by its refusal to accept further premium payments. Trial to the court resulted in judgment for appellee for the total sum of premiums paid with interest at 6% on each from date of payment, and for a claim for sick benefits accruing before the cancellation of said policy with 12% penalty thereon and attorney fees. From this amount was deducted all benefits paid under the policy by appellant to appellee with 6% interest on each from the date of payment, leaving a net recovery of $838.06.

It is a contention of appellant that the trial court erred in concluding (a) "that the policy of insurance involved was issued in consideration of the paymaster's order or payroll deduction attached to the policy * * * (b) was determinable alone by appellee's continuance of payments under and through the payroll deduction order * * * and (c) that the policy of insurance was cancelled without lawful authority * * * because the evidence shows as a matter of law that appellant had the legal right to terminate the policy and in exercising such right it did not subject itself to liability."

Appellee was employed by the St. Louis Southwestern Railway Company of Texas on the date of the execution and delivery of the insurance policy to him and during all the time the policy was in force. Before the issuance of said policy, and as payment therefor, appellee executed the following "paymaster's order" prepared by appellant's agent:

"Paymaster's Order

"Dated at Tyler, Texas, September 4, 1928,

"To the Paymaster of St L Sw Ry of Texas

"I hereby request and authorize you to deduct and pay for me to the Massachusetts Bonding and Insurance Company or its duly authorized agent, the sum of $13.00 out of my wages for the month of October, 1928, and $6.50 out of my wages for each consecutive month thereafter during the period of my employment with my said employer, for premiums on above numbered Policy of Insurance issued to me by said Insurance Company.

"These several sums are due and payable as advance premiums without notice on the first pay-day for the wages of the respective months for which they are to be deducted and I agree that this order shall not be revocable except upon written notification from me.

"I hereby waive for myself and my beneficiaries under said policy any notice of the payment or non-payment of any premium herein provided for.

"Express agreement. It is expressly agreed, (1) that the first payment is to cover the insurance for the first period of insurance specified in said policy and each subsequent payment shall be considered as the premium for one calendar month; (2) that each payment shall apply only to its corresponding insurance period; (3) that the Company shall not be liable for any loss or disability resulting from injury sustained or illness beginning while I am in default in the payment of any premium; and (4) that this order is made a part of the contract of insurance."

The facts are that on June 10, 1942, appellant issued its check for $98.66 to appellee in payment of a claim presented by appellee covering an operation for "rectal fistula." This operation confined appellee to the Railway Hospital from May 12th to May 30th, 1942. Appellee resumed his work for the Railway Company on June 2, 1942, and on June 18, 1942, appellant mailed to him for execution a release absolving appellant from further liability for "any injury to or disease of the anus, rectum or adjacent soft parts," stating that it no longer considered appellee a "normal standard risk from an underwriting viewpoint." Appellee never executed this release. He again became ill on June 26, 1942, with rectal fistula, necessitating another operation, which illness continued until July 10, 1942. In due time appellee made claim for this last operation, but payment was refused by appellant for reasons which will be noted hereafter. On August 31, 1942, appellant mailed to appellee a letter cancelling both the policy and the paymaster's order. The letter reads:

"In accordance with the provisions thereof, the Company hereby gives notice that it will not renew Policy #1906775 at date of expiration of the term insurance period for which premiums paid apply.

"The insurance shall be void and of no 'force and effect from and after such date.

"Paymaster's Order executed with application for the policy will be recalled and cancelled."

A letter of similar import from appellant was received by the Railway Company on September 17, 1942. It was the contention of appellee in the lower court and is here that under the terms of the insurance policy with the paymaster's order attached, the appellant was without authority to cancel the insurance policy; that appellee alone had such authority under the terms of the paymaster's order.

The trial court found as a fact "that the policy was issued in consideration of the paymaster's order or pay roll deduction order above set out; and that the paymaster's order was not revocable by anyone except K. Wooley; and that the term of the policy was determinable alone by K. Wooley's continuance of payments under and through the pay roll deduction order; and that K. Wooley never revoked the same." The paymaster's order by its terms is a part of the insurance policy and is as binding upon the parties thereto as is any other provision of the policy. Southland Life Ins. Co. v. Hopkins, Tex.Com.App., 244 S.W. 989. It comprised the entire contract between the parties with respect to the manner and mode of payment of the premiums and the amount thereof, and, in a broad sense, it was the consideration for said policy. Walker v. Pacific Mutual Ins. Co., Tex.Civ.App., 17 S.W.2d 1088. No one except appellee could cancel or make void the paymaster's order.

■ It is appellant's contention, however, that the provision in the policy under the head of "Miscellaneous Provisions," namely, "the acceptance of any premium, or renewal of this policy at the expiration of any term for which it may have been issued or renewed, shall be at the option of the Company," gave it authority to cancel the policy on August 31, 1942. ·The insurance policy, standing alone, absent the attached paymaster's order, would give appellant such right. Treadwell v. International Travelers' Assurance Co., Tex.Civ.App., 60 S.W.2d 536, writ refused; Massachusetts Bonding & Ins. Co. v. McConnell, 50 Ga.App. 87, 176 S.E. 911. But we are not dealing with such a situation here. We must construe the entire .contract of insurance, includ-

ing the attached paymaster's order, in such manner as to effectuate, if possible, the intention of the parties thereto. On August 31, 1942, the date appellant cancelled the policy, there was no necessity of a renewal of same. It had not lapsed. Appellee, through the mode prescribed, was paying the monthly premiums in advance on the first payday of each month as they became due. The contract of insurance was a continuing one, so long as the premiums were paid in accordance with the provisions of the paymaster's order. To give to the provision copied last above the construction contended for by appellant, that is, the unconditional right of the insurer to cancel the insurance contract, would effectively destroy that part of the paymaster's order, also a part of the policy, which provides that the paymaster's order "shall not be revocable except upon the written notification from me (appellee)." It will be noted that the letter of August 31, 1942, not only gave notice to appellee of appellant's determination not to renew the policy, but also specifically "recalled and cancelled" the paymaster's order in defiance of the provision of said order that appellee alone could recall and cancel same. In American Indemnity Co. v. Mexia Ind. School Dist., 47 S.W.2d 682, 685, writ refused, Justice Alexander speaking for the Court of Civil Appeals at Waco, said: "The company wrote the bond and chose the language desired, and we must construe it most strongly against the insurer. Insurance companies cannot thus couch their contracts in doubtful language and *allow their salesmen to employ the construction most favorable to the insured to catch the unwary, and then, when the company is haled into court, claim the benefit of the construction most favorable to it.*" (Italics ours).

And again, in National Surety Co. v. Chalkley, Tex.Civ.App., 260 S.W. 216, 218, it is said: "Insurance companies form their own policies, use their own language, except when compelled by a legislature to use a standard policy, insert their own complicated, and in some instances obscure and oracular, conditions, and courts uniformly give the insured the benefit of any doubt in the construction of the terms used in such policy. Without such liberality of construction the insured person would have a perilous journey to traverse in obtaining insurance money. So, in the construction of language of policies in burglary cases, similar

to the language in the policy under consideration, great liberality is shown."

In our opinion the two provisions are in conflict and produce an ambiguity which renders applicable the rule that ambiguous or doubtful language or terms in a policy must be given the strongest interpretation against the insurer which they will reasonably bear, and furnishes sufficient authority for the trial court's finding, copied above. Roth v. Travelers' Protective Ass'n of America, 102 Tex. 241, 115 S.W. 31, 132 Am.St.Rep. 871, 20 Ann.Cas. 97. These points are overruled.

Appellant's 8th point is: "The trial court erred in admitting the testimony of appellee to the effect that Ross Bostick had represented to appellee that the policy was a noncancellable policy since no one had the right to cancel the payroll deduction order except appellee and, therefore, he could keep the policy in effect as long as he continued to pay the premiums through the payroll deduction order." Appellee's application for the insurance policy provides: "That the agents or solicitors of the Company are not authorized to * * * waive or modify any of the terms or conditions hereof." And the insurance policy provides that "no agent has authority to change this policy or to waive any of its provisions. No change in this policy shall be valid unless approved by an executive officer of the Company and such approval endorsed thereon." This testimony, which is correctly summarized in appellant's 8th point set out above, in our opinion, is improper. It amounts to a construction by the agent Bostick of the insurance policy with the paymaster's order attached, and its construction would ordinarily work a reversal of the case. Southland Life Ins. Co. v. Statler, 139 Tex. 496, 163 S.W.2d 623; United States Casualty Co. v. Medcalf & Thomas, Tex.Civ.App., 272 S.W. 539; Northwestern National Life Ins. Co. v. Evans, Tex.Civ.App., 214 S.W. 598. But in view of our conclusion heretofore expressed with respect to the ambiguity apparent in the provisions of the policy with the paymaster's order attached relative to appellant's right to terminate same, the admission of said testimony was harmless, this being a trial before the court without a jury. The presumption obtains "that the court based its judgment upon legal testimony and not upon illegal testimony." American Indemnity Co. v. Mexia Ind. School Dist., supra. This point is overruled.

By several points appellant makes the further contention that the trial court erred in rendering judgment against it for sick benefits with penalty and attorney fees for illness beginning June 26, 1942, and continuing to July 10, 1942, for the reason that said claim had already been satisfied and discharged. As heretofore pointed out, appellee in due time presented his claim to appellant for sick benefits for the June 26th illness. Appellant refused payment, stating its reasons therefor in the following letter:

"Mr. Klyne Wooley,
"310 Frank St.     Re: Policy #1906775
"Tyler, Texas
"Dear Mr. Wooley:

"We wish to acknowledge receipt of completed preliminary report of illness from you and your attending doctor notifying us as to a further period of disability suffered by you beginning on or about June 26th.

"The information which has been supplied indicates that the cause of the disability for which you are making claim constitutes a recurrence of, or a continuation of, your previous period of disability of May 12, 1942, for which the 'Company has already made payment covering 20 days of continuous total disability and 17 days of hospital benefits and by the allowance of indemnities in the sum of $98.66.

"At the time of our settlement there was enclosed upon the check which was issued in payment, a release whereby it was understood and agreed that such payment constituted a release or discharge of all this Company's liability because of any cause of disability, or period of disability arising prior to the date of settlement. At that time or shortly thereafter, you were advised by our Underwriting Division because of the nature of the disability for which payment has been made, that we would continue to insure only if proper releases were executed and signed by you, eliminating from future liability any injury to or disease of the anus, rectum, or adjacent soft parts.

"While it does not appear that you have as yet executed these releases in accordance with the request of our Underwriting Division there was, nevertheless, no liability on the part of the Company in connection with this claim because of the

payment above referred to and the circumstances which we have set forth.

"Expressly reserving to ourselves however all other rights and defenses available, we are

"Very truly yours

"(Signed)   E P Hughes."

The voucher given by appellant to appellees in payment for the sick benefits for the prior illness referred to in the above letter contained the following stipulation: "In full and final settlement of all claims against this Company under policy No. 1906775 for any illness or accidental injury originating prior to date hereof, or its or their effects.  If presented within 60 days from date.  Pay to the order of Klyne Wooley, 310 Frank St., Tyler, Texas. (Signed)—Hill, Countersigned H. W. Henry."  And on the reverse side of the voucher was the following notation signed by appellee:  "Receipt and Discharge. Received the within amount in consideration of which all claims against the Company on account of illness or accidental injury sustained by me prior to date hereof, or its or their effects, are hereby satisfied and discharged."  There was no dispute between appellant and appellee with respect to the illness of appellee or the amount of sick benefits due him as represented by the voucher copied above.  The parties were in complete agreement. Should it be conceded that the June 26th illness grew out of or was a continuation of the original illness for which compensation had been made, still there is no fact established by this record which furnishes the consideration for the above release inserted in the voucher.  Appellant's defense to the claim for sick benefits arising from the June 26th illness was in the nature of accord and satisfaction and the burden of establishing such defense rested with it, McCarty v. Humphrey, Tex.Com.App., 261 S.W. 1015, and appellee was not required to deny the allegation.  It was "regarded as denied unless expressly admitted." Rule 82, Texas Rules of Civil Procedure; Sou. Travelers' Ass'n v. Masterson, Tex. Civ.App., 48 S.W.2d 771, writ dismissed; American Printing Co. v. Dailey, Tex. Civ.App., 90 S.W.2d 905.  These points are overruled.

We have carefully examined all other points brought forward by appellant; in our opinion they are without merit, and are overruled.

Judgment of the trial court is affirmed.